UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| REGINALD C. HOWARD, | Case No. 2:19-cv-00500-GMN-BNW |
| Petitioner, | ORDER |
| v. | |
| JAMES DZURENDA, et al., | |
| Respondents. | |

Before the court is respondents' motion to dismiss Reginald C. Howard's pro se 28 U.S.C. § 2254 habeas corpus petition on the basis that the all of the grounds are unexhausted and some are conclusory (ECF No. 21). As discussed below, the motion is granted in part.

**I.     Background & Procedural History**

In July 2015, a jury convicted Howard of burglary (exhibit 43).[1] The state district court adjudicated him a habitual criminal and sentenced him to 10 years to life, consecutive to a sentence previously imposed in a different case. Exh. 47. Judgment of conviction was entered on December 2, 2015. Exh. 50.

The Nevada Court of Appeals affirmed Howard's conviction in 2017 and affirmed the denial of his state postconviction habeas corpus petition in 2018. Exhs. 70, 91.

---

[1] Exhibits referenced in this order are exhibits to respondents' motion to dismiss, ECF No. 21, and are found at ECF Nos. 22-28, 30.

1

1    Howard dispatched his federal habeas corpus petition for filing in March 2019

2    (ECF No. 4).  Soon after, he filed an amended petition (ECF No. 10). Respondents now

3    move to dismiss the petition as unexhausted and conclusory (ECF No. 21).  Howard

4    opposed, and respondents replied (ECF Nos. 32, 33).

5                    **II.      Legal Standards & Analysis**

6                    **a. Exhaustion**

7    A federal court will not grant a state prisoner's petition for habeas relief until the

8    prisoner has exhausted his available state remedies for all claims raised.  *Rose v.*

9    *Lundy*, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner must give the state

10   courts a fair opportunity to act on each of his claims before he presents those claims in

11   a federal habeas petition.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *see also*

12   *Duncan v. Henry*, 513 U.S. 364, 365 (1995).  A claim remains unexhausted until the

13   petitioner has given the highest available state court the opportunity to consider the

14   claim through direct appeal or state collateral review proceedings.  *See Casey v. Moore*,

15   386 F.3d 896, 916 (9th Cir. 2004); *Garrison v. McCarthey*, 653 F.2d 374, 376 (9th Cir.

16   1981).

17   A habeas petitioner must "present the state courts with the same claim he urges

18   upon the federal court."  *Picard v. Connor*, 404 U.S. 270, 276 (1971).  The federal

19   constitutional implications of a claim, not just issues of state law, must have been raised

20   in the state court to achieve exhaustion.  *Ybarra v. Sumner*, 678 F. Supp. 1480, 1481

21   (D. Nev. 1988) (citing *Picard*, 404 U.S. at 276)).  To achieve exhaustion, the state court

22   must be "alerted to the fact that the prisoner [is] asserting claims under the United

23   States Constitution" and given the opportunity to correct alleged violations of the

24   prisoner's federal rights.  *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *see Hiivala v.*

25   *Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  It is well settled that 28 U.S.C. § 2254(b)

26   "provides a simple and clear instruction to potential litigants: before you bring any claims

27   to federal court, be sure that you first have taken each one to state court."  *Jiminez v.*

28   *Rice*, 276 F.3d 478, 481 (9th Cir. 2001) (quoting *Rose v. Lundy*, 455 U.S. 509, 520

1  (1982)).  "[G]eneral appeals to broad constitutional principles, such as due process,

2  equal protection, and the right to a fair trial, are insufficient to establish exhaustion."

3  *Hiivala*, 195 F.3d at 1106.  However, citation to state case law that applies federal

4  constitutional principles will suffice.  *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir.

5  2003) (en banc).

6  　　　　A claim is not exhausted unless the petitioner has presented to the state court

7  the same operative facts and legal theory upon which his federal habeas claim is based.

8  *Bland v. California Dept. Of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).  The

9  exhaustion requirement is not met when the petitioner presents to the federal court facts

10  or evidence which place the claim in a significantly different posture than it was in the

11  state courts, or where different facts are presented at the federal level to support the

12  same theory.  *See Nevius v. Sumner*, 852 F.2d 463, 470 (9th Cir. 1988); *Pappageorge*

13  *v. Sumner*, 688 F.2d 1294, 1295 (9th Cir. 1982); *Johnstone v. Wolff*, 582 F. Supp. 455,

14  458 (D. Nev. 1984).

15  　　　　**Ground 1, and 4 through 10**

16  　　　　First, respondents argue that Howard never raised grounds 1 and 4 through 10 in

17  state court on either direct appeal or state postconviction review (ECF No. 21, p. 7).

18  　　　　As ground 1 Howard asserts that his appellate counsel rendered ineffective

19  assistance in violation of the Fifth, Sixth and Fourteenth Amendments when counsel

20  failed to challenge the victim's identification of Howard as a suggestive show-up (ECF

21  No. 10, pp. 3-6).  The Nevada Court of Appeals affirmed the denial of this claim on

22  appeal of the denial of Howard's state postconviction petition.  Exh. 91.  It is, therefore,

23  exhausted.

24  　　　　Howard claims in grounds 4 through 10 that stand-by trial counsel and appellate

25  counsel were ineffective in violation of his Fifth, Sixth, and Fourteenth Amendment

26  rights:

27  　　　　Ground 4: appellate counsel failed to raise a claim challenging the trial court's

28  evidentiary rulings about photos of the scene (ECF No. 10, pp. 17-18);

3

1    Ground 5: appellate counsel failed to raise a claim challenging the prosecution's

2    failure to preserve and present certain evidence at trial (*id.* at 20-21);

3    Ground 6: appellate counsel failed to raise a claim that she, in her capacity as

4    stand-by trial counsel, interfered with Howard's ability to represent himself at trial, and

5    created a conflict of interest by providing exhibits to the prosecutor without Howard's

6    approval (*id.* at 23-26);

7    Ground  7: stand-by trial counsel failed to secure 911 calls (*id.* at 28-29);

8    Ground 8: stand-by trial counsel failed to file a motion for new trial (*id.* at 31-32);

9    Ground 9: appellate counsel failed to challenge the court's evidentiary ruling

10   restricting Howard's ability to cross-examine officers about statements Howard made

11   when stopped by police (*id.* at 34-35);

12   Ground 10: appellate counsel failed to challenge the court's habitual criminal

13   adjudication (*id.* at 37).

14   Howard did not raise federal grounds 4 – 10 to the highest state court.  *See* exhs.

15   88, 91.  Accordingly, grounds 4 – 10 are unexhausted.

16   **Grounds 2 and 3**

17    Respondents next argue that grounds 2 and 3 are not exhausted (ECF No. 21,

18   p. 7).  They contend that Howard raised the underlying, substantive claims but did not

19   raise them as claims of ineffective assistance of counsel. *Id.*

20   In ground 2 Howard asserts that his appellate counsel was ineffective in violation

21   of the Fifth, Sixth and Fourteenth Amendments for failing to support the appellate claim

22   challenging the trial court's denial of Howard's motion for mistrial with relevant authority

23   (ECF No. 10, pp. 8-11). In ground 3 he claims his appellate counsel was ineffective in

24   violation of the Fifth, Sixth and Fourteenth Amendments for failing to support the

25   appellate claim challenging the trial court's denial of Howard's motion for continuance

26   with relevant authority. *Id.* at 13-15.

27

28

4

1    Howard fairly presented grounds 2 and 3 to the Nevada Court of Appeals in his

2   appeal of the denial of his state postconviction petition.  The court concludes that

3   grounds 2 and 3 are exhausted. *See* exhs. 88, 91.

4    **Grounds 12 and 14**

5    Respondents next argue that grounds 12 and 14 are unexhausted as federal

6   claims because they were raised on direct appeal as matters of state law only (ECF No.

7   21, p. 8).

8    In ground 12 Howard claims the trial court violated his Fifth, Sixth and Fourteenth

9   Amendment rights when it allowed him to represent himself (ECF No. 10, p. 41).

10   Howard explicitly relied on *Faretta v. California*, 422 U.S. 806, 807 (1975) and the Sixth

11   and Fourteenth Amendment when he argued this claim on direct appeal.  Exh. 63, pp.

12   12-14.  Ground 12 was presented as a federal constitutional claim, and it is therefore

13   exhausted.

14    In federal ground 14 Howard argues that there was insufficient evidence to

15   support his burglary conviction in violation of his Fifth, Sixth, and Fourteenth

16   Amendment rights (ECF No. 10, p. 45).  Respondents are correct that Howard did not

17   make any specific references to federal constitutional rights when he presented his

18   sufficiency of the evidence claim on direct appeal. *See* exh. 63, pp. 18-19.  However, in

19   denying this claim, the Nevada Court of Appeals relied on state authority that

20   specifically refers to the Fourteenth Amendment and federal due process. Exh. 70, p. 5,

21   citing *Higgs v. State*, 222 P.3d 648, 651 (Nev. 2010); *Rose v. State*, 163 P.3d 408, 414

22   (Nev. 2007). Thus, the state court considered the federal constitutional implications of

23   the claim.  Accordingly, ground 14 is exhausted.

24    **b.  Conclusory Claims**

25    In federal habeas proceedings, notice pleading is not sufficient.  Mere

26   conclusions of violations of federal rights without specifics do not state a basis for

27   federal habeas relief.  *Mayle v. Felix*, 545 U.S. 644, 655 (2005).  A petition may be

28   summarily dismissed if the allegations in it are "vague, conclusory, palpably incredible,

1  patently frivolous or false." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990)

2  (internal citations omitted); *see also Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

3         Respondents argue that grounds 11 through 15 are merely conclusory and

4  should be dismissed (ECF No. 21, pp. 9-10). Undoubtedly, these claims are not a model

5  of proper pleading and do not include specific factual allegations.  Howard set forth

6  ground 11 as follows:

7         5th, 6th and 14th U.S.                        Batson Challenge/Direct Appeal
          Petitioner objected to the removal of black prospective jurors. Appellate
8         counsel raises on direct appeal (see opening brief) (ECF No. 10, p. 39).

9         Grounds 12, 13, 14, and 15 are similarly terse, with no factual allegations. *Id.* at

10  41, 43, 45, 47. However, at the conclusion of the amended petition, Howard requests

11  that all exhibits submitted with his original petition be incorporated into his amended

12  petition because he is on copywork restriction due to low funds in his inmate account.

13  *Id.* at 49. As Howard referenced in his amended petition, he presented federal grounds

14  11, 12, and 14 to the Nevada Court of Appeals in his direct appeal.  *See* exh. 63.

15  Having reviewed the original and amended petitions as well as Howard's direct appeal,

16  which he attempted to incorporate into his amended petition, the court declines to

17  dismiss the following federal grounds:

18         Ground 11: trial court allegedly violated Howard's Fifth, Sixth and Fourteenth

19  Amendment rights when it failed to grant his *Batson* challenge during jury selection

20  (ECF No. 10, p. 39);

21         Ground 12: trial court allegedly violated Howard's Fifth, Sixth and Fourteenth

22  Amendment rights when it allowed him to represent himself (*id.* at 41); and

23         Ground 14: Howard contends that there was insufficient evidence to support his

24  burglary conviction in violation of his Fifth, Sixth, and Fourteenth Amendment rights (*id.*

25  at 45).

26

27

28

1    Regarding grounds 13 and 15, this court reads ground 13 as duplicative of

2  ground 3 and ground 15 as duplicative of ground 2 (*see* ECF No. 10, pp. 8-16, 43, 45).

3  Accordingly, grounds 13 and 15 are dismissed on that basis.

4  **III.    Petitioner's Options Regarding Unexhausted Claims**

5    A federal court may not entertain a habeas petition unless the petitioner has

6  exhausted available and adequate state court remedies with respect to all claims in the

7  petition. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). A "mixed" petition containing both

8  exhausted and unexhausted claims is subject to dismissal. *Id.* In the instant case, the

9  court dismisses grounds 13 and 15. The court further concludes that grounds 4 through

10  10 are unexhausted. Because the court finds that the petition contains unexhausted

11  claims, petitioner has these options:

12    1.    He may submit a sworn declaration voluntarily abandoning
13  the unexhausted claims in his federal habeas petition, and proceed only on
   the exhausted claims;

14
15    2.    He may return to state court to exhaust his unexhausted
   claims, in which case his federal habeas petition will be denied without
16  prejudice;[2] or

17    3.    He may file a motion asking this court to stay and abey his
   exhausted federal habeas claims while he returns to state court to exhaust
18  his unexhausted claims.

19
   With respect to the third option, a district court has discretion to stay a petition that
20
   it may validly consider on the merits. *Rhines v. Weber*, 544 U.S. 269, 276, (2005). The
21
   *Rhines* Court stated:
22
23    [S]tay and abeyance should be available only in limited
   circumstances. Because granting a stay effectively excuses a petitioner's
24  failure to present his claims first to the state courts, stay and abeyance is
   only appropriate when the district court determines there was good cause
25  for the petitioner's failure to exhaust his claims first in state court. Moreover,
   even if a petitioner had good cause for that failure, the district court would
26  abuse its discretion if it were to grant him a stay when his unexhausted
   claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application
27

28
   _____
   [2] The court makes no assurances as to the timeliness of any future-filed petition.

for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

544 U.S. at 277.

If petitioner wishes to ask for a stay, he must file a motion for stay and abeyance in which he demonstrates good cause for his failure to exhaust his unexhausted claims in state court and presents argument regarding the question of whether or not his unexhausted claims are plainly meritless.  Respondents would then be granted an opportunity to respond, and petitioner to reply.  Or petitioner may file a declaration voluntarily abandoning his unexhausted claims, as described above.

Petitioner's failure to choose any of the three options listed above, or seek other appropriate relief from this court, will result in his federal habeas petition being dismissed.  Petitioner is advised to familiarize himself with the limitations periods for filing federal habeas petitions contained in 28 U.S.C. § 2244(d), as those limitations periods may have a direct and substantial effect on whatever choice he makes regarding his petition.

## IV.    Conclusion

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 21) is **GRANTED** in part as follows:

Grounds 13 and 15 are **DISMISSED**.

Grounds 4, 5, 6, 7, 8, 9, and 10 are **UNEXHAUSTED**.

**IT IS FURTHER ORDERED** that petitioner shall have **30 days** to either: (1) inform this court in a sworn declaration that he wishes to formally and forever abandon the unexhausted grounds for relief in his federal habeas petition and proceed on the exhausted grounds; OR (2) inform this court in a sworn declaration that he wishes to dismiss this petition without prejudice in order to return to state court to exhaust his unexhausted grounds; OR (3) file a motion for a stay and abeyance, asking this court to hold his exhausted grounds in abeyance while he returns to state court to exhaust his unexhausted grounds.  If petitioner chooses to file a motion for a stay and abeyance, or

1  seek other appropriate relief, respondents may respond to such motion as provided in

2  Local Rule 7-2.

3      **IT IS FURTHER ORDERED** that if petitioner elects to abandon his unexhausted

4  grounds, respondents shall have **30 days** from the date petitioner serves his declaration

5  of abandonment in which to file an answer to petitioner's remaining grounds for relief.

6  The answer shall contain all substantive and procedural arguments as to all surviving

7  grounds of the petition and shall comply with Rule 5 of the Rules Governing

8  Proceedings in the United States District Courts under 28 U.S.C. §2254.

9      **IT IS FURTHER ORDERED** that petitioner shall have **30 days** following service

10  of respondents' answer in which to file a reply.

11     **IT IS FURTHER ORDERED** that if petitioner fails to respond to this order within

12  the time permitted, this case may be dismissed.

13     **IT IS FURTHER ORDERED** that respondents' motion for leave to file petitioner's

14  pre-sentence investigation reports under seal (ECF No. 29) is **GRANTED**.

15

16

17     DATED: 14 May 2020.

18

19  _____
    GLORIA M. NAVARRO
20  UNITED STATES DISTRICT JUDGE

21

22

23

24

25

26

27

28